Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>LIBERTY POWER CORP, L.L.C., LIBERTY POWER SUPER HOLDINGS, LLC, LIBERTY POWER HOLDINGS, LLC,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br><br>**Jury Trial Demanded** |

Plaintiff PAUL SAPAN ("Plaintiff"), individually and on behalf of the Class described below, by their attorneys, make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs

- 1 -
Complaint

and their counsel, which are based on personal knowledge.  Plaintiffs bring this action for injunctive relief and damages against Defendants, and each of them, demanding a trial by jury.

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2.      Defendant LIBERTY POWER CORP, L.L.C. is, and at all times herein mentioned was, a Delaware Limited Liability Company, located in Florida doing business in the County of Orange, State of California.

3.      Defendant LIBERTY POWER SUPER HOLDINGS, LLC is, and at all times herein mentioned was, a Delaware Limited Liability Company, located in Florida doing business in the County of Orange, State of California.

4.      Defendant LIBERTY POWER HOLDINGS, LLC is, and at all times herein mentioned was, a Delaware Limited Liability Company, located in Florida doing business in the County of Orange, State of California.

5.      Plaintiff is informed and believes and alleges on that information and belief that Defendant LIBERTY POWER CORP, L.L.C is ultimately the parent corporation of Defendant LIBERTY POWER SUPER HOLDINGS, LLC and Defendant LIBERTY POWER HOLDINGS, LLC (all collectively referred to herein as "liberty Power" or "Defendants").

6.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a

Complaint

common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.    At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

8.    At all times herein mentioned each employee, representative, officer, director, or consultant of any Defendant was acting as its agent.

## NATURE OF THE ACTION AND CLASS DEFINITION

9.    Plaintiffs bring this class action against Defendants for injunctive relief and damages and all other relief available at law and in equity on behalf of themselves and members of the following class of persons:

> *All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they were a residential telephone subscriber and that their number was registered on the National Do-Not-Call Registry to whose residential telephone Defendants and/or its agents transmitted two or more telemarketing calls in one calendar year without prior express written consent from the called party or an 'existing business relationship' at any time from April 22, 2021 to the present, including up to and through trial.*

10.    Defendants, in their combined business, are an electric power reseller whose primary business was the solicitation of retail electricity customers.

11.    Defendants did this in pertinent part by telemarketing, either directly or by use of agent call centers working on their behalf.

12.    Defendants' telemarketing did not respect the National Do Not Call Registry and illegally and intentionally made sales calls to residential numbers on the Do Not Call Registry including the named Plaintiff's and many others.

Complaint

## FACTUAL SUMMARY FOR NAMED PLAINTFF

13.     Defendants made twenty-eight (28) live calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch their electricity reseller services between October 5, 2020 and June 15, 2021.

14.     Mr. Sapan made a log of all the calls he received from Defendants with the date and time sent and the Caller ID information in a spreadsheet, which is attached hereto as Exhibit 1 and incorporated herein as if set forth verbatim.

15.     Mr. Sapan's residential line has been tariffed as a residential line since he was assigned it by the phone company and it has been continuously registered on the National "Do-Not-Call" Registry from at least December 22, 2007 to the present.

16.     Mr. Sapan never gave any of the Defendants express written permission to call him, nor does he have an established business relationship nor personal relationship with any Defendant.

17.     In fact, Mr. Sapan repeatedly told Defendants' representatives during the calls he was not interested in their services yet they persisted in calling him.

18.     And Defendants were very persistent, illegally calling him as many as seven times in one day.

19.     In each call Mr. Sapan answered Defendants' boiler room callers either identified themselves as being with Liberty Power or used the same Caller ID Number as another call in which they identified themselves.

20.     While each of the calls complained of above used the Caller ID number, they did not transmit Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

## PLAINTIFF CLASS IS ONLY FOR CALLS MADE AFTER THE FILING OF BANKRUPTCY AT THIS TIME

Complaint

21.     On April 20, 2021 DEFENDANT LIBERTY POWER CORP, L.L.C. appears to have filed for Chapter 11 reorganization in the Southern District of Florida Bankruptcy Court even though it is a Delaware company.  (S.D. Fla. Bankr. Case No. 21-13797-PDR).  None of the other subsidiary defendant entities have provided bankruptcy filing notice to Plaintiff to date.

22.     However, as alleged above, Defendants' illegal calling campaign continued postpetition, with at least one of their calls coming more than a month after the filing on June 15, 2021.

23.     The Supreme Court recently reiterated that each claim is separate and distinct for jurisdictional and other purposes.  *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2208 (2021).

24.     The current class is for post-petition calls only.

25.     Plaintiff does foresee some possibility that all the calls may be found to be nondischargeable as willful and malicious injuries.  11 U.S.C 523(a)(6), and amendment could be later requested to include all the calls, but that is not pleaded at this time.

## LIABILITY OF ALL DEFENDANTS

26.     Plaintiff alleges on information and belief that LIBERTY POWER CORP, L.L.C., is the ultimate parent corporation of LIBERTY POWER SUPER HOLDINGS, LLC and LIBERTY POWER HOLDINGS, LLC.

27.     Plaintiff alleges on information and belief that LIBERTY POWER CORP, L.L.C. provides "management and operating services" to LIBERTY POWER SUPER HOLDINGS, LLC and LIBERTY POWER HOLDINGS, LLC. And that the primary purpose of the subsidiaries is to be the purchasers of the electricity and limit LIBERTY POWER CORP, L.L.C. liability exposure to those wholesalers.

Complaint

28.     Plaintiff alleges on information and belief that LIBERTY POWER CORP, L.L.C., directs all actions of LIBERTY POWER SUPER HOLDINGS, LLC and LIBERTY POWER HOLDINGS, LLC, including those pertinent to this Complaint.

29.     Plaintiff alleges on information and belief that the reseller electricity being telemarketed is a combined product/service of the electrical power of the subsidiar(ies) and the management and operating services of the parent.

## ACTUAL HARM & WILFUL AND INTENTIONAL CONDUCT

30.     Plaintiff pleads on information and belief that for all calls he did not answer, Defendants called him in order to pitch their mortgage refinancing consultation services.

31.     Plaintiff alleges on information and belief that Defendants also transmitted the other calls, which went unanswered, in order to pitch their mortgage refinancing consultation services.

32.     Plaintiff has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

33.     During at least one of the unanswered calls at issue Mr. Sapan wanted to make an outgoing call at the same time and was not able to do so, being involuntarily disposed of the use of his phone by Defendants' illegal calls.

34.     Defendants made the calls described above intentionally, in the sense that Defendants intended to call each number they called in pitching their services regardless of whether it was on the National Do Not Call Registry and that the call was made knowing it would invade the victim's privacy.

Complaint

35.     Plaintiff alleges on information and belief that Defendants made the calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

36.     Defendants have been caught before for using unscrupulous and illegal telemarketing.  *See*, Bill Heltzel, "*Liberty Power Agrees To Refund Customers For Unscrupulous Tactics*", Westchester & Fairfield County Business Journals, April 12, 2018 (https://westfaironline.com/101417/liberty-power-agrees-to-refund-customers-for-unscrupulous-tactics/).

37.     Defendants have been sued recently for other TCPA violations.  See, e.g., *Katz v. Liberty Power Corp, LLC* (D. Mass. Case No. 1:18-cv-10506-ADB).

38.     Mr. Sapan sent Defendants a formal demand letter on February 1, 2021, which their counsels responded to, and Defendants still kept making illegal calls to Mr. Sapan thereafter including up through June 15, 2021.

## <u>CLASS ACTION ALLEGATIONS</u>

39.     **Description of the Class**:  Plaintiffs bring this class action against Defendant for injunctive relief and damages and all other relief available at law and in equity on behalf of themselves and members of the following class of persons:

> *All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they were a residential telephone subscriber and that their number was registered on the National Do-Not-Call Registry to whose residential telephone Defendants and/or its agents transmitted two or more telemarketing calls in one calendar year without prior express written consent from the called party or an 'existing business relationship' at any time from April 22, 2021 to the present, including up to and through trial.*

40.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

41.     Plaintiffs reserve the right to modify the Class description and the Class period based on the results of discovery.

42.     **Numerosity**:  The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the evidence of the number of calls made by Defendants, Plaintiffs believe that the total number of Class members is at least in the thousands and members and the members are geographically dispersed across California and the United States.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, namely through Defendants' call records.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

43.     **Common Questions of Law and Fact Predominate**:  There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

a.     Whether Defendants transmitted two or more sales calls in any one calendar year to numbers on the National "Do-Not-Call" Registry.

b.     Whether Defendants transmitted these calls without prior express consent from the owners of those lines or a business relationship with them established before the calls were made.

c.      Whether the transmission of these calls was done willfully or knowingly by Defendants.

44.   **Typicality**:  Plaintiffs' claims are typical of the claims of the members of the Class.  Plaintiffs and all members of the Class have been similarly affected by Defendants' common course of conduct since Defendants' have repeatedly called the Class to sell their products and/or services.

45.   **Adequacy of Representation**:  Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with experience in handling complex litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any interests adverse to those of the Class.

46.   **Superiority of a Class Action**:  Plaintiffs and the members of the Class suffered, and will continue to suffer, intangible and tangible harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impractical.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class member.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice

Complaint

47.     Adjudication of individual class member's claims with respect to Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and could substantially impair or impede the ability of other class members to protect their interests.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: TCPA VIOLATION
### CALL TO NUMBER ON THE NATIONAL "DO-NOT-CALL" REGISTRY
### (On Behalf of the Plaintiff Class)

48.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

49.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

50.     Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

51.     At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

52.     Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full

Complaint

discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

53.    Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);

2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For compensatory damages according to proof;

4. For punitive damages;

On the THIRD CAUSE OF ACTION:

5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

6. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

7. For costs of suit herein incurred; and

8. For such further relief as the Court deems proper.

DATED: August 13, 2021                         **PRATO & REICHMAN, APC**


                                               /s/Christopher J. Reichman, Esq.
                                               By: Christopher J. Reichman, Esq.
                                               **Prato & Reichman, APC**
                                               Attorneys for Plaintiff
                                               PAUL SAPAN

Complaint