Christopher J. Reichman SBN 250485
Justin Prato SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-886-0252
Email: JustinP@prato-reichman.com

Attorneys for Plaintiff
and the Proposed Class

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAPAN, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>LIBERTY POWER CORP, L.L.C., LIBERTY POWER SUPER HOLDINGS, LLC, LIBERTY POWER HOLDINGS, LLC,<br><br>Defendants. | Case No.: 8:21-cv-01749-JLS-KES<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUB-CLASS CERTIFICATION AS TO LIBERTY POWER SUPER HOLDINGS, LLC AND LIBERTY POWER CORP, LLC, ONLY (PRIOR TO REQUESTING DEFAULT JUDGMENT)**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>Motion Date: April 14, 2022<br>Motion Time: 10:00 AM |

i

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES TO BE DECIDED . . . . . . 1

INTRODUCTION . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . 2

   A. Statutory Backdrop . . . . . . . . 2

   B. Factual History . . . . . . . . 3

   C. Defendants' Call Records Identify Putative Class Members . . 5

CLASS CERTIFICATION CAN BE HAD ON A DEFAULT . . . 6

THE PROPOSED SUB-CLASS . . . . . . . 6

ARGUMENT AND AUTHORITY . . . . . . . 7

   A. Standards for Class Certification Satisfied . . . . 7

      1. The Numerosity Requirement Is Met . . . . 8

      2. The Commonality Standard Is Met . . . . . 9

      3. The Typicality Standard Is Met . . . . . 10

      4. The Class Is Adequately Represented . . . . 12

      5. Ascertainability Is Not A Class Factor In This Circuit . 13

   B. Plaintiff Satisfies the Requirement of Rule 23(b)(3) . . . 13

      1. Common Issues Predominate . . . . . 14

      2. A Class Action Is Superior . . . . . 15

      3. This Case Is Manageable . . . . . . 16

   C. Constitutionally Sound Notice Can Be Provided to

      Sub-Class Members . . . . . . . 17

   D. The Court Should Appoint Prato & Reichman, APC As

      Sub-Class Counsel . . . . . . . 17

POTENTIAL "HYBRID" OR DIVIDED CLASS . . . . 18

CONCLUSION . . . . . . . . . 19

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

# **TABLE OF AUTHORITES**

## **Cases**

<u>Supreme Court</u>

*Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*,

     133 S. Ct. 1184 (2013)  .    .    .    .    .    .    .    . 7, 14

*Erica P. John Fund, Inc. v. Halliburton*,

     131 S. Ct. 2179 (2011)  .    .    .    .    .    .    .    . 14

*Mims  v. Arrow Fin. Servs. LLC*,

     132 S. Ct. 740 (2012)  .    .    .    .    .    .    .    . 2

*Mullane v. Cent. Hanover Bank & Trust Co.*,

     339 U.S. 306 (1950)  .    .    .    .    .    .    .    . 17

*TransUnion LLC v. Ramirez*,

     141 S.Ct. 2190, 2208 (2021)  .    .    .    .    .    . 4

*Wal-Mart Stores, Inc. v. Dukes*,

     131 S.Ct. 2541 (2011)  .    .    .    .    .    .    . 9, 18

<u>Circuit Courts</u>

*Abdullah v. U.S. Sec. Assoc., Inc.*,

     731 F.3d 952 (9th Cir. 2013)  .    .    .    .    . 9, 10, 14

*ACA International v. F.C.C.*,

     885 F.3d 687(D.C. Cir. 2018)  .    .    .    .    .    . 2

*Bridgeview Health Care Ctr., Ltd. v. Clark*,

     816 F.3d 935 (7th Cir. 2016)  .    .    .    .    .    . 11

*Briseno v. ConAgra Foods, Inc.*,

     844 F.3d 1121, 1121 (9th Cir. 2017)  .    .    .    . 13, 16

*Davis v. Hutchins*,

     321 F.3d 641, 648–49 (7th Cir. 2003) .    .    .    .    . 6

iii

*Edwards v. First Am. Corp.*,

    798 F.3d 1172 (9th Cir. 2015)  .     .     .     .     .     .     .    7, 10

*Ellis v. Costco Wholesale Corp.*,

    657 F.3d 970 (9th Cir. 2011)  .     .     .     .     .     .     .    . 7, 11

*Evon v. Law Offices of Sidney Mickell*,

    688 F.3d 1015 (9th Cir. 2012)  .     .     .     .     .     .     .    12

*Golan v. Veritas Entm't, LLC*,

    788 F.3d 814 (8th Cir. 2015)  .     .     .     .     .     .     .    11

*Hanon v. Dataprods. Corp.*,

    976 F.2d 497 (9th Cir. 1992)  .     .     .     .     .     .     .    10, 11

*Jefferson v. Ingersoll Int'l, Inc.*,

    195 F.3d 894 (7th Cir. 1999)  .     .     .     .     .     .     .    18

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,

    244 F.3d 1152 (9th Cir. 2001)  .     .     .     .     .     .     .    15

*Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Penn.*,

    442 F.3d 1239 (10th Cir. 2006) .     .     .     .     .     .     .    2

*Sali v. Corona Regional Medical Center*,

    889 F.3d 623, 634-35 (9th Cir. 2018)  .     .     .     .     .     .    13

*Satterfield v. Simon & Schuster, Inc.*,

    569 F.3d 946 (9th Cir. 2009)  .     .     .     .     .     .     .    2

*Suchanek v. Sturm Foods, Inc.*,

    764 F.3d 750 (7th Cir. 2014)  .     .     .     .     .     .     .    10

*Susinno v. Work Out World, Inc.*,

    862 F.3d 346, 352 (3rd Cir. 2017)  .     .     .     .     .     .    2

*Van Patten v. Vertical Fitness*,

    847 F.3d 1037 (9th Cir. 2017)  .     .     .     .     .     .     .    2

*Wolin v. Jaguar Land Rover N. Am., LLC*,

    617 F.3d 1168 (9th Cir. 2010)  .     .     .     .     .     .     .    15

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

<u>District Courts</u>

*Agne v. Papa John's Int'l, Inc.*,

    286 F.R.D. 559 (W.D. Wash. 2012)   .   .   .   .   . 8, 9, 11, 16

*Bee, Denning, Inc. v. Capital Alliance Grp.*,

    2015 WL 5675798 (S.D. Cal. Sept. 24, 2015)   .   .   .   . 8, 16

*Birchmeier v. Caribbean Cruise Line, Inc.*,

    302 F.R.D. 240 (N.D. Ill. 2014)   .   .   .   .   .   . 8

*Booth v. Appstack, Inc.*,

    2015 WL 1466247 (W.D. Wash. March 30, 2015)   .   .   .   . 8, 16

*Celano v. Marriott Int'l Inc.*,

    242 F.R.D. 544 (N.D. Cal. 2007)   .   .   .   .   .   . 8

*Floyd v. Saratoga Diagnostics, Inc.*,

    2021 WL 2139343, *4 (N.D. Cal. 2021)   .   .   .   .   . 6

*Galvan v. KDI Distribuation Inc.*,

    2011 WL 5116585 (C.D. Cal. Oct. 25, 2011)   .   .   .   . 16

*Ikuseghan v. MultiCare Health Sys.*,

    2015 WL 4600818 (W.D. Wash. July 29, 2015)   .   .   . 8, 13, 15

*In re Rubber Chem. Antitrust Litig.*,

    232 F.R.D. 346 (N.D. Cal. 2005)   .   .   .   .   .   . 8

*Kavu v. Omnipak Corp.*,

    246 F.R.D. 642 (W.D. Wash. 2007)   .   .   .   .   . 16

*Krakauer v. Dish Network, L.L.C.*,

    311 F.R.D. 384 (MD. N.C. September 9, 2015)   .   .   .   . 17

*Knutson v. Schwan's Home Serv., Inc.*,

    2013 WL 4774763 (S.D. Cal. Sept. 5, 2013)   .   .   .   . 8, 13

*Kristensen v. Credit Payment Serv.*,

    12 F.Supp.3d 1292 (D. Nev. 2014)   .   .   .   .   .   . 14

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

*Manno v. Healthcare Revenue Recovery Grp., LLC*,

    289 F.R.D. 674 (S.D. Fla. 2013) . . . . . . 8

*Partington v. American International. Specialty Lines Insurance Co*.,

    443 F.3d 334, 341 (4th Cir. 2006) . . . . . . 6

*Saulsberry v. Meridian Fin. Servs., Inc.*,

    2016 WL 3456939 (C.D. Cal. Apr. 14, 2016) . . . . . 16

*Stemple v. QC Holdings, Inc.*,

    2014 WL 4409817 (S.D. Cal. Sept. 5, 2014) . . . . . . 8

*Whitaker v. Bennett Law, PLLC*,

    2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) . . . . 6, 11, 14

*Xavier v. Philip Morris USA Inc.*,

    787 F. Supp. 2d 1075 (N.D. Cal. 2011) . . . . . . 16


Federal Communications Commission Orders

*Omnibus TCPA Order*,

    2015 WL 4387780 (July 10, 2015) . . . . . . 2


Statutes

Telephone Consumer Protection Act of 1991, 47 U.S.C § 227 . . 2, 3, 14


Rules, Regulations & Miscellaneous

Federal Rule of Civil Procedure 23 . . . . . . 1, 7-19

47 C.F.R. § 64.1200 . . . . . . . 3

Congressional Findings,

    105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227) . . 2

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

## STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiff satisfies the requirements of Federal Rule of Civil Procedure ("Rule") 23(a) and 23(b)(3) by showing that (1) the national class is so numerous that joinder of all class members is impracticable; (2) there are common issues of fact or law; (3) Plaintiff's claims are typical of class member claims; (4) Plaintiff and his counsel will adequately represent the interests of the classes; (5) common issues of fact and law predominate over individualized issues; and (6) class treatment is superior to other methods of adjudication.

## INTRODUCTION

This Motion for Sub-Class Certification is being filed by the Plaintiff, Mr. Paul Sapan ("Mr. Sapan" or "Plaintiff") on behalf of himself and behalf of all similarly situated persons whom meet the class description below, against Defendants, Liberty Power Corp, L.L.C., Liberty Power Super Holdings, LLC, (collectively, "Liberty Power" or "Defendants")[1].  Based on the evidence and argument presented below, Plaintiff believes that class treatment is appropriate for the claims in this case.  Plaintiff requests that the Court grant this motion and certify a sub-class in this case, and allow Plaintiff to then proceed against Defendants Liberty Power Corp, L.L.C. and Liberty Power Super Holdings, LLC on a class wide basis.  Plaintiff will seek one further sub-class certification against Liberty Power Holdings, LLC at the appropriate time.

/ / /

---

[1] Please note that this motion does not apply to Liberty Power Holdings, LLC who has appeared in the case and is in the process of moving to set aside entry of default.  Plaintiff will seek certification against Liberty Power Holdings LLC at the appropriate time.

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

## STATEMENT OF FACTS

### A.   Statutory Backdrop

Congress enacted the TCPA to prevent "intrusive nuisance calls" to consumers' telephones that it determined were "invasive of privacy." *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 744 (2012) ("*Mims*"); *see also, Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). Under the TCPA, it is unlawful to call a number on the do-not-call registry for telemarketing purposes. 47 C.F.R. § 64.1200(c)(2).

Notwithstanding the fact that the TCPA is more than 25 years old "[m]onth after month, unwanted robocalls and texts [] top the list of consumer complaints received by the [Federal Communications] Commission."[2] Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit Congressional Findings. 105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227). *Mims* explicitly cited these Congressional Findings in noting that "'automated or telemarketing telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Id.* (citing 105 Stat. 2394). The Ninth Circuit, in accord with other circuits, has held that invasion of privacy is the only harm a Plaintiff need show for standing to claim a TCPA violation. *Van Patten v. Vertical Fitness*, 847 F.3d 1037 (9th Cir. 2017) ("*Van Patten*"); *see also*, *e.g*., *Susinno v. Work Out World, Inc*., 862 F.3d 346, 352 (3rd Cir. 2017); *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Penn.*, 442 F.3d 1239, 1249 (10th Cir. 2006).

The TCPA by FCC rule makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered

---

[2] *Omnibus TCPA Order*, 30 FCC Rcd. 7961,7964, ¶ 1 (July 10, 2015), *decision set aside in part on other grounds*, *ACA International v. F.C.C.* 885 F.3d 687(D.C. Cir. 2018).

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations". 47 C.F.R. § 64.1200(c)(2).  The elements are therefore:1) initiate, 2) a telemarketing call; 3) to a residential line;  4) registered on the national "Do-Not-Call" registry.  The penalty for each call is $500, which may be trebled to $1,500 upon a showing the violation was willful or knowing.  47 U.S.C. § 227(c)(5).

## B. Factual History

Mr. Sapan is a long-time consumer advocate against illegal telemarketing practices such as the calls made by Defendants in this case. [Dckt No. 1, Complaint ¶13.]  In this case Defendants made twenty-eight (28) live calls to Mr. Sapan's home phone number (310-444-1999) wherein they tried to pitch their electricity reseller services between October 5, 2020 and June 15, 2021.  [Dckt No. 1, Complaint ¶13.]  Mr. Sapan made a log of all the calls he received from Defendants with the date and time sent and the Caller ID information in a spreadsheet.  [Dckt No. 1, Complaint ¶14.]  Mr. Sapan's residential line has been tariffed as a residential line since he was assigned it by the phone company and it has been continuously registered on the National "Do-Not-Call" Registry from at least December 22, 2007 to the present.  [Dckt No. 1, Complaint ¶15.]  Mr. Sapan never gave any of the Defendants express written permission to call him, nor does he have an established business relationship nor personal relationship with any Defendant. [Dckt No. 1, Complaint ¶16.]   In fact, Mr. Sapan repeatedly told Defendants' representatives during the calls he was not interested in their services yet they persisted in calling him.  [Dckt No. 1, Complaint ¶17.]  And Defendants were very persistent, illegally calling him as many as seven times in one day. [Dckt No. 1, Complaint ¶18.]  In each call Mr. Sapan answered Defendants' boiler room callers either identified themselves as being with Liberty Power or used the same Caller ID Number as another call in which they identified themselves.  [Dckt

No. 1, Complaint ¶19.]  While each of the calls complained of above used the Caller ID number, they did not transmit Caller ID name information as required by law.  47 C.F.R. § 64.1601(e).  [Dckt No. 1, Complaint ¶20.]

On April 20, 2021 Defendant Liberty Power Corp, L.L.C. appears to have filed for Chapter 11 reorganization in the Southern District of Florida Bankruptcy Court even though it is a Delaware company.  (S.D. Fla. Bankr. Case No. 21-13797-PDR). [Dckt No. 1, Complaint ¶21.]   None of the other subsidiary defendant entities have provided bankruptcy filing notice to Plaintiff to date. [Dckt No. 1, Complaint ¶22.]  However, as alleged above, Defendants' illegal calling campaign continued post-petition, with at least one of their calls coming more than a month after the filing on June 15, 2021. [Dckt No. 1, Complaint ¶23.]  The Supreme Court recently reiterated that each claim is separate and distinct for jurisdictional and other purposes.  *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2208 (2021).  [Dckt No. 1, Complaint ¶24.]

On August 13, 2021, Mr. Sapan filed this action in this Court against all three defendants, Liberty Power Corp, L.L.C., Liberty Power Holdings, LLC, and Liberty Power Super Holdings, LLC, for the post-petition calls only.  [Dckt No. 1, Complaint ¶24.]   The complaint and accompanying documents were served on all Defendants on October 28, 2021, which required a response by November 18, 2021.  [Dckt No. 11, Proof of Service of Summons.]  None of the defendants filed any timely response.  Accordingly, Plaintiff moved to enter default judgement on November 23, 2021.  [Dckt No. 14, Request to Enter Default].  The clerk entered default judgement on December 2, 2021.  [Dckt No. 15, Clerk's Default.]

After entry of default, counsel for Liberty Power Holdings, LLC alone contacted counsel for Plaintiff on December 8, 2021, claiming that they did not receive the initial complaint despite it being served on their designated agent. [Declaration of Christopher Reichman, ("Reichman Decl.") ¶16.]  At this time Plaintiff offered to discuss a stipulation to vacate the entry of default to allow the

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

case to proceed for Liberty Power Holdings, LLC as long as it covered the costs of filing the default.  [Reichman Decl. ¶17.]  Plaintiff also informed counsel for Liberty Power Holdings, LLC that he intended to file a class certification in order to obtain a class-wide default judgment.  [Reichman Decl. ¶18.]  Counsel for Defendant responded that he would talk with his client and then respond to Plaintiff's offer.  [Reichman Decl. ¶19.]  Counsel for Liberty Power Holdings, LLC did not contact Plaintiff's counsel about this matter again until December 29, 2021.  [Reichman Decl. ¶20.]  It was only on January 3, 2021 that counsel for Liberty Power Holdings, LLC contacted Plaintiff counsel, but Defendant would not stipulate to reopen the default at that time.  [Reichman Decl. ¶21.]

Liberty Power Holdings, LLC had, prior to case reassignment, filed a motion to set aside the default only as against this one entity.  Plaintiff was encouraged that at least one of the sub-units of the combined business has decided to appear but has concerns about gamesmanship with only one sub-unit appearing, so while Plaintiff does not oppose set aside of entry of default as to Liberty Power Holdings, LLC, Plaintiff does intend to argue it should be conditioned on the other two sub-units appearing and payment of attorney's fees and costs wasted by the failure to appear.  And until the other two defendants appear, sub-class certification and default judgment should proceed against them.  Therefore, Plaintiff now requests that the Court approve certification for a sub-class against the two remaining defaulted defendants in this case (the two defaulting defendants will be identified as "Defendants" hereafter as previously defined).

## C. Defendants' Call Records Identify Putative Class Members

Typically, in a TCPA case, there are multiple levels of selling agents making calls that trace back to the primary operator.  However, in this case the Defendants themselves actually made the illegal calls from their own phone equipment and lines.  Therefore, the Defendant's own phone records will provide an excellent

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

source of evidence to identify sub-class members.  This will can be accomplished by comparing the phone records to the do-not-call registry.

## CLASS CERTIFICATION CAN BE HAD ON A DEFAULT

It is clear that a class certification can be had on a defaulted party, so long as Plaintiff has not previously obtained an individual default judgment against Defendant(s).  *See, Whitaker v. Bennett Law, PLLC*, 2014 WL 5454398, *3 (S.D. Cal. 2014); *Floyd v. Saratoga Diagnostics, Inc*., 2021 WL 2139343, *4 (N.D. Cal. 2021).  While a class can be certified as to a defaulted party, class certification is not automatic.  *Davis v. Hutchins*, 321 F.3d 641, 648–49 (7th Cir. 2003).  However, in such a situation the facts as plead in the Complaint are deemed true.  *Id*.; *see also*, *Partington v. American International. Specialty Lines Insurance Co*., 443 F.3d 334, 341 (4th Cir. 2006).  Based on the evidence and argument presented herein, Plaintiff requests that the Court certify a class, and allow for a period of discovery against the Defendants for the purposes of notice and administration.

## THE PROPOSED SUB-CLASS

Plaintiff seeks to certify the following sub-class:

*All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they were a residential telephone subscriber and that their number was registered on the National Do-Not-Call Registry to whose residential telephone Liberty Power Corp, L.L.C. and/or Liberty Power Super Holdings, LLC and/or its agents transmitted two or more telemarketing calls in one calendar year without prior express written consent from the called party or an 'existing business relationship' at any time from April 22, 2021 to the present, including up to and through trial.*

Excluded from the sub-class are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, successors, employees, and immediate family members of employees. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.  This class definition is from the class description in the Complaint to which default was entered.

## ARGUMENT AND AUTHORITY

### A.     Standards for Class Certification Satisfied

A proposed class must meet the four threshold requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a); *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1177 (9th Cir. 2015) ("*Edwards*"). Plaintiffs seek certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A district court must conduct a "rigorous" analysis of the Rule 23 requirements, but the rule "grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194–95 (2013). "A court, when asked to certify a class, is merely to decide a suitable method of adjudicating the case and should not 'turn class certification into a mini-trial' on the merits." *Edwards*, 798 F.3d at 1178, *quoting, Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983, n. 8 (9th Cir. 2011)).

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

"In the context of the TCPA, the class action device likely is the optimal means of forcing corporations to internalize the social costs of their actions." *Bee Denning, Inc. v. Capital Alliance Grp.*, 310 F.R.D. 614, 630 (S.D. Cal. 2015) (certifying two classes under the TCPA). Accordingly, Courts in the Ninth Circuit and elsewhere frequently certify classes involving unlawful telemarketing calls.[3]

### 1. The Numerosity Requirement Is Met

The numerosity requirement is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement, Plaintiff need not demonstrate the exact number of class members, nor is there a particular "magic number" that is required. *See*, *In re Rubber Chem. Antitrust Litig.*, 232 F.R.D. 346, 350-51 (N.D. Cal. 2005) ("Plaintiff do not need to state the exact number of potential class members, nor is a specific number of class members required for numerosity."). Generally, numerosity is satisfied when the class comprises 40 or more members, *Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).

Due to Defendants' default, the Plaintiff does not have all of the direct evidence, such as the phone records, in his possession. However, even without the phone records, Plaintiff can make a showing of numerosity sufficient to grant this motion. First, the Illinois Commerce Commission has opened an investigation into the sales practices of Defendants. [Reichman Decl. ¶22.] The investigation

---

[3] *See, e.g., Ikuseghan v. MultiCare Health Sys.*, No. C14-5539 BHS, 2015 WL 4600818, at *8 (W.D. Wash. July 29, 2015); *Booth v. Appstack, Inc.*, No. C13-1533JLR, 2015 WL 1466247, at *17 (W.D. Wash. March 30, 2015); *Bee, Denning, Inc. v. Capital Alliance Grp.*, No. 13-cv-2654-BAS-WVG, 2015 WL 5675798, at *15 (S.D. Cal. Sept. 24, 2015); *Kristensen v. Credit Payment Serv.*, 12 F.Supp.3d 1292 (D. Nev. 2014) ("*Kristensen*"); *Whitaker v. Bennett Law, PLLC*, No. 13-cv-3145-L(NLS), 2014 WL 5454398, at *7 (S.D. Cal. Oct. 27, 2014) ("*Whitaker*"); *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-AS(WVG), 2014 WL 4409817, at *10 (S.D. Cal. Sept. 5, 2014) (certifying Rule 23(b)(3) class of individuals who were called by defendant for the purpose of collecting a debt); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 256 (N.D. Ill. 2014); ..…...... *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 693 (S.D. Fla. 2013) (certifying a litigation class comprising of all Florida residents who had received an automated telephone call on their cellphone seeking to collect an alleged medical debt); *Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-0964, 2013 WL 4774763, at *11 (S.D. Cal. Sept. 5, 2013) (certifying class of persons who received autodialed calls with a telemarketing message on their cell phones); *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 572 (W.D. Wash. 2012) ("*Agne*") (certifying litigation class of cell phone owners who received text messages promoting the defendant's pizza products).

- 8 -

includes inquiry to Defendants' widespread use of telemarketing. [Id.] Plaintiff has alleged numerosity as to the extent of the telemarketing in the Complaint. [Dckt No. 1, Complaint ¶35-36.] Furthermore, website reviews of the Defendants all mention use of mass telemarketing practices including calling phone numbers on the do-not-call registry. [Reichman Decl. ¶23.] Based on the previous evidence there is little doubt that the Defendants called tens of thousands, if not hundreds of thousands, of people. It is a matter of public record that registration on the Do Not Call Registry is very popular and the FTC's Do Not Call Registry Data Book for Fiscal Year 2016 reports that there are well over 50,000 DNC registrations for every 100,000 population in all but one state, Alaska. [Reichman Decl. ¶24.] Even if only 50% of residential lines were on the do-not-call registry, Defendants calls would be 50% to protected numbers. Thus, it is almost certain that Defendants called thousands upon thousands of class members on their protected numbers. Based on this evidence for the purposes of class certification on default, the Court should find numerosity.

       2.    <u>The Commonality Standard Is Met</u>

The second threshold to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this element, Plaintiff must allege a "common contention of such a nature that it is capable of class-wide resolution, which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) ("*Dukes*"). "What matters to class certification is not the raising of common 'questions'—even in droves—but rather, the capacity of a classwide proceeding to generate common <u>answers</u> apt to drive the resolution of the litigation." *Id*. (internal marks and citation omitted; emphasis in original). A "single *significant* question of law or

fact" satisfies the commonality requirement. *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quotation omitted and emphasis in original).

Courts routinely find commonality where the class's claims arise from a uniform course of conduct on the part of the defendant. *See, Edwards*, 798 F.3d at 1182 (commonality satisfied where central questions was whether defendant's "pattern of conduct" violated RESPA); *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) ("where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question"); *see also, Agne,* 286 F.R.D. 559, 567 (W.D. Wash. 2012) (where the plaintiff alleged that "all class members were sent substantially similar unsolicited text messages by the same defendants, using the same automatic dialing technology, commonality is satisfied").

The course of conduct at issue here is the calls made by Defendants to numbers on the do-not-call registry. Clearly each class member will have the exact same claim in that the class member placed their number on the do-not-call registry, and then received calls from Defendants who were pitching their services, through telemarketing. For the *prima facie* case, either all of these calls were illegal or none of them were.

Where all the prima facie case elements apply to all the appropriate subclass members, the resolution of each element clearly would apply to the whole class. And this is the litmus test of commonality, which is obviously met.

### 3.    The Typicality Standard Is Met

Typicality is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) ("*Hanon*"). "The test of typicality is whether the

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

other members have the same or similar injury, whether the action is based on conduct which is not unique to the named Plaintiff, and whether other class members have been injured in the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). "The Ninth Circuit does not require the named plaintiff's injuries to be identical with those of the other class members, but only that the unnamed class members have injuries similar to those of the named plaintiff's and that the injuries result from the same injurious course of conduct." *Hanon*, 976 F.2d at 666 (question and internal marks omitted).

Courts have found typicality where, as here, a defendant's practice of making the same contact to Plaintiff and the proposed class formed the basis of the class's claim. *See, Whitaker*, 2014 WL 5454398 at *5 (typicality satisfied because each class member's claim "revolves exclusively around [the defendant's] conduct as it specifically relates to the alleged violations of the TCPA"); *Agne*, 286 F.R.D. at 569 (typicality satisfied where the Plaintiff' claims, "like all class members' claims, [arose] from text marketing campaigns commissioned by Papa John's franchisees and executed by the same marketing vendor …"); *Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 940(7th Cir. 2016) (declining to create a subclass when every class member had the same interest: to obtain the $500–per–recipient penalty for violations of the TCPA); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 821 (8th Cir. 2015) (typicality satisfied where Plaintiff did not hear the same telemarketing message as other class members, but both messages had the same promotional purpose).

In this case, Plaintiff's claims are precisely coextensive with the claims of the proposed class members. Plaintiff and all of the class members would have received the same type of illegal telemarketing call that is actionable in this case. As recognized by Congress when it passed the TCPA, these calls violate the privacy rights of Plaintiff and the other class members. Thus, Plaintiff's claims under the TCPA arise out of the same course of conduct, are based on the same

- 11 -

legal theory, and resulted in the same injury as done to the rest of the classes. Accordingly, the typicality requirement is satisfied.

### 4.   The Class Is Adequately Represented

The final Rule 23(a) prerequisite requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor has two components. First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class. *See, Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012).

Lead Plaintiff Mr. Sapan is in many ways the best and most adequate representative a class could hope to have.  Mr. Sapan has been a longtime TCPA advocate who has been involved in many TCPA claims over the past ten plus years.  [Decl. of Sapan, ¶1-5].  He has managed attorneys in a handful of trial court cases and is therefore considerably less likely to be overwhelmed by the legal process as many average class representatives are.  [Id].  Mr. Sapan's experience has taught him the importance of maintaining good records for evidence later.  [Id]. Mr. Sapan's experience in settling TCPA claims actually gives the class and the Court greater assurance that he will obtain the most favorable settlement possible for the class.  [Id].  And Mr. Sapan personally received over 28 calls from Defendants so there is no concern he has only a *de minimus* interest in the case. [Dckt No. 1, Complaint ¶13.]  Mr. Sapan has demonstrated though his history and actions in this case, that he is a zealous advocate for the class, putting the class' interests ahead of his own, and does not have any interests that are antagonistic to the interests of the proposed class.

Proposed class counsel, Prato & Reichman, APC, have filed more TCPA cases in federal and state courts in California than any other known law firm and

are unquestionably subject matter experts with over a decade of experience in this area, as well as having experience in complex litigation and consumer class action law suits. [Declaration of Justin Prato, ("Prato Decl.") ¶3-14]; [Reichman Decl. ¶3-15.] *See*, *Sali v. Corona Regional Medical Center*, 889 F.3d 623, 634-35 (9th Cir. 2018) (subject matter expertise and work on case relevant to adequacy of counsel). Additionally, both counsels were already approved as class counsel in another TCPA class action case, *Moser v. HII*, 3:17-cv-01127-WQH-KSC, Dckt. No. 145 (S.D. Cal. 2019), *rev'd on other grounds*, *Moser v. Benefytt, Inc.,* 8 F.4th 872 (9th Cir 2021). Thus, the adequacy requirement is satisfied. *See*, *e.g.*, *Ikuseghan*, 2015 WL 4600818 at *6 (adequacy satisfied where plaintiff's counsel served as counsel "in other class action lawsuits, including a previous TCPA case").

### 5.    Ascertainability Is Not A Class Factor In This Circuit

Some Circuits have implied an "ascertainability" requirement into Rule 23. The Ninth Circuit has unequivocally ruled against any such requirement. *Briseno v. ConAgra Foods, Inc*., 844 F.3d 1121, 1121 (9th Cir. 2017) ("The panel therefore joined the Sixth, Seventh, and Eighth Circuits in declining to adopt an administrative feasibility requirement.").

### B.    Plaintiff Satisfies the Requirement of Rule 23(b)(3)

Class certification is appropriate under Rule 23(b)(3) if "questions of law or fact common to the members of the class predominate over any question affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). For the reasons set forth below, Plaintiffs satisfy these requirements.

/ / /

1.     <u>Common Issues Predominate</u>

"A principal purpose behind Rule 23 class actions is to promote efficiency and economy of litigation." *Abdullah*, 731 F.3d at 963–64 (quotation and internal marks omitted). "Rule 23(b)(3) [] does not require a plaintiff seeking class certification to prove that each element of her claim is susceptible to classwide proof." *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1196 (2013) (internal quotations omitted). Therefore, "[t]he predominance analysis under Rule 23(b)(3) focuses on the relationship between the common and individual issues in the case and tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation." *Id.*; *see also Kristensen*, 12 F. Supp. 3d at 1305 (noting "[t]he focus [of the predominance inquiry] is on the relationship between the common and individual issues") (citation omitted); *Whitaker*, 2014 WL 5454398 at *6 (predominance satisfied where the claims were brought pursuant to the TCPA, which the court defined as a "narrow statute with explicit confines defining both liability and available damages").

"Considering whether questions of law or fact common to class members predominate begins, of course, with the elements of the underlying action." *Erica P. John Fund, Inc. v. Halliburton*, 131 S. Ct. 2179, 2184 (2011). The elements of Plaintiff's sub-class against two of the three defendants for TCPA violations for calls to residential numbers on the federal Do Not Registry are: 1) whether the telemarketing calls were transmitted to a residential line, and 2) whether that line was registered on the federal Do Not Registry at the time the call was made.

Common evidence can be used to determine that the calls were made to numbers on the do-not-call registry. Whether a phone is residential or not is a simple factual matter of whether it is subscribed under a residential or business tariff with the state utility commission, which can be easily ascertained by reference to the phone bill which identifies what tariff is used, residential or commercial. In fact, most bills state residential or business line right in the billing

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

description, but even if not, the tariff is referenced therein and can be easily checked against the public tariff filed with the relevant utilities commission.  And whether a number is on the federal Do Not Call Registry, and when it was so registered, is a simple matter of public record from the Federal Trade commission, who manages the Registry.

### 2.   A Class Action Is Superior

The Court should certify the class if it finds that a "class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The superiority requirement's purpose is one of judicial economy and to assure that a class action is the "most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010). "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Id*. at 1175.

Given the large number of class members, the small dollar value of their individual claims, and the multitude of common issues present, use of the class action device is the most efficient and fair means of adjudicating the claims that arise out of Defendants' unlawful telemarketing calls. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources and promotes consistency and efficiency of adjudication. Additionally, it is likely that most class members lack the resources necessary to seek individual legal redress for Defendants' misconduct and, without class treatment, would have no effective remedy for their injuries. *See, Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment); *see also Ikuseghan*, 2015 WL 4600818, at *7 ("Because individual damages are small, it is unlikely that class

members would litigate TCPA claims on their own"); *Agne*, 286 F.R.D. at 571 ("Five hundred dollars is not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action …."); *Booth*, 2015 WL 1466247 (same), at *13; *Kavu v. Omnipak Corp.*, 246 F.R.D. 642, 650 (W.D. Wash. 2007) (same).

### 3.    This Case Is Manageable

One of the elements for determining the superiority of a class action in a particular case is manageability. *See*, Fed. R. Civ. P. 23(b)(3). Because common issues predominate and individualized issues are absent or can be resolved by simple reference to phone bills and the do-not-call registry, the trial of this action will be easily managed by the Court. Plaintiff will present generalized evidence regarding the making and content of Defendants' telemarketing calls.

To the extent some commentators have suggested that the Ninth Circuit in *Briseno* may have folded some small part of ascertainability analysis into manageability, we address it below out of an over-abundance of caution.  The question is not whether the class members are known at the time of certification, but rather whether if it is administratively feasible to determine whether a particular person is a member of the class. *See, Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011) ("Readily ascertainable" does not mean that plaintiffs must, at this stage, precisely be able to "identify every potential member of the class to meet the standard for ascertainability."); *Bee, Denning, Inc. v. Capital All. Grp.*, 310 F.R.D. 614, 623 (S.D. Cal. 2015); *see also, Galvan v. KDI Distribution Inc.*, 2011 WL 5116585, at *5 (C.D. Cal. Oct. 25, 2011). "[T]here is no requirement that the identity of the class members should be . . . known at the time of certification." *Saulsberry v. Meridian Fin. Servs., Inc.*, 2016 WL 3456939, at *14 (C.D. Cal. Apr. 14, 2016) (citation omitted).

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

Here, the putative class members are readily ascertainable because a simple comparison of Defendant's phone records to the do-not-call registry will show the violative calls.  The phone numbers can be researched to find the associated person's addresses.  *See*, *Krakauer v. Dish Network, L.L.C.*, 311 F.R.D. 384 (MD. N.C. September 9, 2015).

C.      Constitutionally Sound Notice Can Be Provided to Sub-Class Members

To protect the rights of absent class members, the Court must provide them with the best notice practicable when it certifies a class under Rule 23(b)(3). Fed. R. Civ. P. 23(c)(2). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the numbers Defendants called can be identified and notice can be given by making a notice call or Plaintiffs can retain an expert who can identify the names and addresses of the proposed class members using the telephone numbers that were called and send notice via U.S. Mail. Notice can also be published on a website maintained and updated by Plaintiff's counsel and/or a claims administrator.   [Prato Decl. ¶14].  Class members will be able to use the site to stay apprised of important dates and to access the notice form and other key documents. *Id.*  These approaches will provide the best practicable notice to the class members.  *Id.*  After certification is granted, Plaintiff will submit a detailed notice plan and form to the Court.  *Id.*

D.     The Court Should Appoint Prato & Reichman, APC As Sub-Class Counsel.

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court must consider counsel's:

- 17 -

(1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

This was addressed under 'adequacy' above. To recap, Prato & Reichman, APC are subject matter experts who have been previously found adequate in another class casae. All have diligently prosecuted Plaintiff's claims and have devoted, and will continue to devote, ample time and resources to this litigation. [Prato Decl. ¶3-14; Reichman Decl. ¶3-15]. Plaintiff's counsels have considerable experience with similar TCPA cases and experience with complex litigation and class action litigation. Accordingly, they should be appointed to serve as class counsel for the proposed sub-class pursuant to Rule 23(g).

## POTENTIAL "HYBRID" OR DIVIDED CLASS

While Plaintiffs move for certification of one sub-class under Rule 23(b)(3), the relief available under the TCPA includes both statutory damages and injunctive relief. In such a situation a Court may decide to certify a hybrid class or review for certification of the injunctive relief class if the monetary relief class is found wanting. *See*, *Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 898 (7th Cir. 1999), *see also*, *Dukes*, 131 S. Ct. at 2559 (discussing combined classes, disallowing use of less stringent notice standard for more stringent class in hybrid). The Rule 23(b)(2) injunctive relief standard for certification merely requires that the Defendant has "refused to act on grounds that apply generally to the class so that injunctive relief is appropriate respecting the class as a whole." If the Court is inclined to analyze certification of the sub-class as hybrid or for injunctive relief in the alternative, Defendants' conduct would easily satisfy Rule 23(b)(2).

/ / /

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION

## **CONCLUSION**

For the reasons discussed above, the requirements of Rule 23 are satisfied.
Plaintiff respectfully request that the Court enter an order certifying the proposed
classes pursuant to Rule 23(b)(3), appointing Prato & Reichman, APC, as class
counsel, and ordering that Plaintiff be allowed to conduct discovery prior to having
to submit a proposed notice plan and form of notice within a reasonable time
following entry of this order.


DATED: March 17, 2022                    **PRATO & REICHMAN, APC**



                                         /s/Justin Prato, Esq.
                                         By: Justin Prato, Esq.
                                         **Prato & Reichman, APC**
                                         Attorneys for Plaintiff
                                         and the putative class.

MEMORANDUM OF POINTS & AUTHORITES – CLASS CERTIFICATION MOTION