Christopher J. Reichman SBN 250485
Justin Prato SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-886-0252
Email: JustinP@prato-reichman.com

Attorneys for Plaintiff
and the Proposed Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAPAN, individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> vs. <br><br> LIBERTY POWER CORP, L.L.C., LIBERTY POWER SUPER HOLDINGS, LLC, LIBERTY POWER HOLDINGS, LLC, <br><br> Defendants. | Case No.: 8:21-cv-01749-JLS-KES <br><br> **DECLARATION OF CHRISTOPHER REICHMAN IN SUPPORT OF MOTION FOR SUB CLASS CERTIFICATION AS TO LIBERTY POWER SUPER HOLDINGS, LLC AND LIBERTY POWER CORP, LLC, ONLY (PRIOR TO REQUESTING DEFAULT JUDGMENT)** <br><br> Hon. Maame Ewusi-Mensah Frimpong <br> Motion Date: April 14, 2022 <br> Motion Time: 10:00 AM |

# DECLARATION

I, Christopher J. Reichman, state the following to be true and correct under penalty of perjury of the laws of the United States:

1. My name is Christopher J. Reichman Esq.

2. I have personal knowledge of the following facts and if so requested, I could and would competently testify hereto.

///

## Facts Regarding Adequacy of Counsel

3. I am one of two partners in the law firm Prato & Reichman APC.

4. I was admitted to practice law in the State of California in August of 2007, and I began practicing law that same month.

5. I am admitted to practice law in all Federal District Courts of California for the Northern, Central and Southern Districts and the Ninth Circuit Court of Appeals. I have also previously been admitted *pro hac vice* to the District Courts for Oregon and Arizona.

6. I am very likely to be one of the most experienced TCPA litigators in the State of California—if not the most—having filed and been lead counsel in about 200 TCPA cases on behalf of various Plaintiffs, with approximately 70 cases filed in the federal district courts of this state since federal subject matter jurisdiction for TCPA actions was established in *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, (2012). A sample case from each federal district follows: *Zimmer v. HSBC Bank USA*, N.A., 12-cv-1476-GHK-PJW (C.D. Cal., filed Feb. 22, 2012*); Paul Sapan v. Maximum Security Alarm, Inc.*, Case No. 12-cv-06257-EJD (N.D. Cal. filed Dec. 12, 2012); *Meyer v. Capital Alliance Group*, Case No. 15-cv-02405-WVG (S.D. Cal., filed Oct. 23, 2015).

7. I have considerable experience in the telecommunications industry having worked for carriers like AT&T and Sprint for nearly a decade before attending law school, during which I interned for on the personal staff of FCC

Commissioner Jonathan Adelstein, and my law practice since has been focused on telecommunications, TCPA, and federal administrative work.

8. I have been a part of the legal team on approximately twelve inter-carrier compensation dispute cases including arguing second chair at the Ninth Circuit on, *North County Communications Corp. v. California Catalog & Technology*, 594 F.3d 1149 (9th Cir. 2010), and I have been a key part of the legal team in four utility commission actions including, *In the Matter of Qwest Corporation's Petition For Arbitration and Approval of Interconnection Agreement With North County Communications Corp. of Arizona Pursuant To Section 252(B)*, Arizona Corporation Commission Docket No.'s T-01051A-09-0383, T-01051B-09-0383 (filed Aug. 3, 2009), *appeal denied by*, *North County Communications Corp. of Arizona v. Qwest Corp*., 824 F.3d 830, 2016 WL 3065317 (9th Cir. 2016) (Mr. Reichman did not take part in the appeal).

9. I previously worked for Dicks & Workman, APC and was part of their legal team on two telecommunications "dip fee" class action cases, *Allen v. Verizon*, Case No. 08-cv-0774-DOC-AN (C.D. Cal., filed July 16, 2008); *Higdon v. Pacific Bell dba AT&T*, Case No. 08-cv-03526-RS (N.D. Cal., filed July 23, 2008), as well as a non-telecommunications class action*, Bonilla v. United Brands Company*, Case No. 11-cv-0386-MRP-DTB (E.D. Cal., filed Jan. 13 2011), and I have been counsel of record on two state court cases designated as complex litigation, *Kinder v. Allied Interstate, Inc*., Case No. GIC-880543 (San Diego Sup. Ct., filed Feb. 6, 2007); *Jones v. Jacobson*, Case No. 37-2008-00058449-CU-FR-NC (San Diego Sup. Ct., filed Sept. 9, 2008).

10. I have federal court trial experience, *Rose v. Winter*, Case No. 08-cv-01471-BTM-BLM (S.D. Cal., filed Aug. 12, 2008, decided Dec. 16, 2010); *Paul Sapan v. Biohealth College, Inc*., Case No. 14-cv-5507-CBM-MAN (C.D. Cal., filed Aug. 15, 2014, decided, November 27, 2017), as well as state court trial

experience, *Kinder v. Steve Bailey Insurance Svcs.*, Case No. 37-2007-00082557-CU-MC-CTL (San Diego Sup. Ct., filed Dec. 5, 2007, decided May 8, 2009).

11. I have been the lead trial counsel in well over 20 administrative evidentiary hearings before the FCC and Social Security Administration, where our firm has a side practice helping veterans and others get disability benefits, as well as evidentiary hearings in private arbitrations.

12. I am experienced in use of the Federal Rules of Civil Procedure and Federal Rules of Evidence, having extensively used both in the cases I have prosecuted, and believe that my knowledge and experience is sufficient to represent this class.

13. I have never been disciplined by the California State Bar nor any other bar association, and I do not have any conflicts of interest in this case.

14. Our law firm has expended over a hundred hours on this case so far, and has committed the time and financial resources to ensure proper case representation.

15. I was one of the attorneys who was certified as adequate in the Moser v. HII, 3:17-cv-01127-WQH-KSC.

### Facts Related to Default

16. After the Default entry, counsel Liberty Power Holdings, LLC alone contacted counsel for Plaintiff on December 8, 2021, stating that they did not receive the initial complaint despite it being served on their designated agent.

17. At this time Plaintiff offered to discuss a stipulation to vacate the default to allow the case to proceed, if the Liberty Power Holdings, LLC covered costs of filing the default.

18. Plaintiff also informed counsel for Liberty Power Holdings, LLC that he intended to file a class certification despite the default.

19. Counsel for Liberty Power Holdings, LLC responded that he would talk with his client and then respond to Plaintiff's offer.

DECLARATION OF CHRISTOPHER REICHMAN

20. Counsel for Defendant did not ever contact Plaintiff's counsel about this matter again until December 29, 2021

21. It was only on January 3, 2021 that counsel for one defendant, Liberty Power Holdings, LLC, contacted Plaintiff counsel, but Liberty Power Holdings, LLC could not stipulate to reopen the default at that time.

## Facts Related to Exhibits

22. Attached to this Declaration as Exhibit 1 is a true and correct copy of the Illinois Commerce Commission charging document against Defendants concerning telemarketing.

23. Attached to this Declaration as Exhibit 2 is a true and correct copy of the internet complaints found by counsel for Plaintiff concerning Defendants' telemarketing.

24. Attached to this Declaration as Exhibit 3 is a true and correct copy of FTC's Do Not Call Registry Data Book for Fiscal Year 2016

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this document is executed by me in San Diego County, California.

DATED: March 17, 2022

       /s/ Christopher J. Reichman\_\_\_\_
By: Christopher J. Reichman Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff

DECLARATION OF CHRISTOPHER REICHMAN