MICHAEL A. DiNARDO (#216991)
KELLY & KELLEY, LLP
6320 Canoga Ave, Suite 1650
Woodland Hills, CA, 91367
Office: 818-347-7900
Fax: 818-340-2859
Email: mike@kelly-kelleylaw.com

Attorneys for Defendant Liberty Power Holdings, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAPAN, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY POWER CORP, LLC, LIBERTY POWER SUPER HOLDINGS, LLC, LIBERTY POWER HOLDINGS, LLC<br><br>Defendants. | Case No. 8:21-cv-01749 MEMF (KES)<br><br>**DEFENDANT LIBERTY POWER HOLDINGS, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM DEFAULT**<br><br>Hon Maame Ewusi-Mensah Frimpong<br>Motion Date: April 14, 2022<br>Motion Time: 10:00 AM<br>Courtroom: 8B, 8th Floor<br>350 W. 1st Street<br>Los Angeles, CA 90012 |

Defendant Liberty Power Holdings, LLC ("Defendant" or "LPH") hereby provides the following reply memorandum in support of its motion for an Order vacating the default (Dkt. No. 15) entered against it and in response to the "Non-Opposition" and Request for Attorney's Fees (Dkt. No. 25) filed by Plaintiff.

### I. Plaintiff's "Non-Opposition" and Request is Untimely

Plaintiff filed and served its "Non-Opposition" and Request for Attorney's Fees on April 5, 2022. The hearing on this matter is set for April 14, 2022. Pursuant to Local Rule 7-9, a party's opposition to a motion (or "a written statement that that party will not oppose the motion") must be filed not later than 21-days before the date designated for hearing.

In this instance, Plaintiff's "Non-Opposition" and Request for Attorney's Fees was due no later than March 24, 2022. Plaintiff missed the deadline by twelve days. Plaintiff did not file only twelve days after his deadline, but also five days after Defendant's deadline for filing a reply. (L.R. 7-10)

Although Plaintiff expresses a clear non-opposition to actually setting aside the default against Defendant, Plaintiff still expresses an opposing position insofar as Plaintiff seeks recovery of attorney's fees. There is clear prejudice to Defendant by Plaintiff's untimely filing. Not only does Defendant have less time between Plaintiff's opposition and the hearing date, but Defendant also has less time to review Plaintiff's filing to prepare its reply (including the itemization of billing entries), which is itself untimely because of Plaintiff's delay.

Pursuant to Local Rule 7-12, the Court may decline to consider any untimely filing and such untimely filing may be deemed consent – not just "non-opposition" – to the underlying motion. In addition, Local Rule 7-13 provides for sanctions against any party filing any document "after the time for filing the same shall have expired, also **shall be subject to** the sanctions of L.R. 83-7 and the F.R.Civ.P." (emphasis added).

Under Local Rule 83-7, such sanctions include:

"(a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;

(b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or

(c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances."

Accordingly, Defendant respectfully submits that Plaintiff's "Non-Opposition" and Request for Attorney's Fees be: (1) deemed untimely; (2) not considered by the Court; and (3) deemed as consent to Defendant's motion. In addition, Defendant respectfully submits that Plaintiff be sanctioned under L.R. 7-13 in the form of Plaintiff's consent to Defendant's motion in its entirety.

## II. Default Against Defendant Should be Set Aside

As a general rule, there is a strong policy favoring adjudication of cases on the merits, with requests to set aside defaults being liberally granted. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986); United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010); both cited by Liotta v. Nerium International LLC, 2:14-cv-01035-CAS(AJWx) (C.D. Cal. Aug. 11, 2014).

Based on both Plaintiff's statement of non-opposition and Plaintiff's untimely filing, the default against Defendant should be set aside. Assuming the Court sets aside the default, Defendant requests a reasonable period of

time within which to submit its responsive pleading, which Defendant respectfully submits is at least two-weeks from the date of entry of order on the instant motion.

### III. Attorneys' Fees Should Not be Awarded

As set forth in Defendant's moving papers, good cause exists for setting aside the default and for not conditioning the set aside on a payment to Plaintiff. Defendant was not culpable in the prior entry of default. Defendant's receipt of and response to the pleading papers was unintentionally and unavoidably delayed by the ongoing bankruptcy proceeding involving separate bankruptcy counsel and a Trustee, and other factors out of its control. Defendant also has multiple meritorious defenses to the complaint.

#### A. Defendant's Meritorious Defenses – Plaintiff's Excessive Billing

As previously asserted, attorneys' fees should not be awarded in this instance as Defendant's delay in responding to the Complaint was unintentional and unavoidable, Defendant has multiple meritorious defenses, and Plaintiff would have incurred those same expenses (entry of default and motion for class certification/default judgment) against the other defaulting defendants had default not been entered against Defendant.

In addition, Plaintiff is a serial TCPA litigant, and a review of PACER shows at least 69 cases filed on his behalf in the Central District alone (all by the same counsel). A quick review of these cases shows them to be TCPA cases. This impacts Plaintiff's standing pursuant to Moser v. Health Ins. Innovations, Inc., No. 17CV1127-WQH(KSC), 2018 WL 6735710, at *12 (S.D. Cal. Dec. 21, 2018) (citing Stoops v. Wells Fargo Bank, N.A., 197 F. Supp. 3d 782, 800 (W.D. Pa. 2016)). Plaintiff's experience in more than 69 prior cases demonstrates that the work for which attorneys' fees are sought in this instance is not novel or unknown to Plaintiff or his counsel.

Plaintiff's request for attorneys' fees against Defendant is excessive. Plaintiff's efforts in requesting the Clerk to enter default against all defendants should have been minimal – clerical at most – not 2.4 hours as recited. In addition, Plaintiff's efforts in filing for entry of default judgment (and class certification) were not new to a serial TCPA litigant (or his attorneys). The same work should have been completed by staff at lower hourly rates, *i.e.*, associate attorneys or paralegals. Finally, Plaintiff's efforts in drafting the untimely "Non-Opposition" and Request for Attorneys' Fees should not be awarded.

### B. Plaintiff Should be Sanctioned for the Untimely Filing

Furthermore, Plaintiff's request for attorneys' fees should also be denied based on his imposed consent to the underlying motion pursuant to L.R. 7-12 due to his untimely opposition. L.R. 7-13 also states that a party filing a document after time has expired "shall be subject to the sanctions of L.R. 83-7", which include monetary sanctions, costs and attorneys' fees, and/or such other sanctions as the Court may deem appropriate.

Plaintiff's action in untimely filing its "Non-Opposition" and Request for Attorneys' Fees was at least reckless, if not grossly negligent under L.R. 83-7. Plaintiff had more than adequate notice of Defendant's motion. Indeed, the motion had been previously set for hearing before it was taken off calendar upon reassignment of the case. The April 14 hearing date for refiling the Defendant's motion was extensively negotiated with Plaintiff's counsel so that both parties' respective motions were heard in a manner agreeable to both. There is no reasonable excuse for Plaintiff to have not filed its "Non-Opposition" and Request for Attorneys' Fees in a timely manner. Nor did Plaintiff's counsel reach out to defense counsel regarding the untimely filing.

By presenting to above argument, Defendant does not seek payment of monetary sanctions or other costs/attorneys' fees by Plaintiff, rather an award as

might offset any award in Plaintiff's favor upon which the Court might condition the set aside of the default.

### VI. Conclusion

Wherefore, Defendant Liberty Power Holdings, LLC respectfully requests the Court vacate the default and grant such other relief the Court deems just and proper.

Dated: April 6, 2022                    Respectfully submitted:

                                              KELLY & KELLEY, LLP

                                              By:___/Michael A. DiNardo/____
                                                    Michael A. DiNardo, Esq.

                                              Attorneys for Defendant LIBERTY POWER HOLDINGS, LLC

CERTIFICATE OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of eighteen (18) and not a party to the within action. My business address is 6320 Canoga Ave, Suite 1650, Woodland Hills, CA 91367. I am employed by a member of the bar of this Court at whose direction this service was made.

On April 6, 2022 I served the foregoing document described as:

**DEFENDANT LIBERTY POWER HOLDINGS, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM DEFAULT**

on the interested parties in this action, as follows:

Christopher J. Reichman
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Email: chrisr@prato-reichman.com

(X)  CM/ECF to the email address registered with the Clerk's Office
(  )  ELECTRONIC MAIL to the email address listed
(  )  FIRST CLASS US MAIL to the physical address listed

Executed on April 6, 2022, at Woodland Hills, California.

_____/Michael A. DiNardo/_____
         Michael A. DiNardo